IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES DOUGLAS OWENS, II
MDOC inmate #L5101                                                              PETITIONER

v.                                                             CAUSE NO. 1:14-cv-134-LG-JMR

CHRISTOPHER EPPS, Commissioner of MDOC                          RESPONDENT

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PETITION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Owens, an inmate of the Mississippi Department of Corrections (MDOC), files this *pro se* petition for writ of habeas corpus. Upon review of the Petition [1] in consideration with the applicable case law, the Court determines that Owens is not entitled to relief.

**I. Background**

Owens is currently serving a 40-year term of imprisonment following his guilty plea and sentencing on charges of armed robbery and aggravated assault by the Circuit Court of Harrison County, Mississippi. *See Owens v. State of Miss.*, 996 So. 2d 85, 86-87 (Miss. Ct. App.2008). Owens seeks a transfer to the South Carolina Department of Corrections under the Interstate Corrections Compact, Miss. Code Ann § 47-5-1351, because he wants to be housed in his home state. However, his request was denied by the Mississippi Department of Corrections.[1]

---

[1] Although Owens states that his request for a transfer was ignored, he submits a copy of a letter from MDOC Deputy Commissioner Longley, dated February 11, 2014, denying his transfer request of February 7, 2014. *See* Attach. [ECF No.1-2].

Owens asserts three grounds for relief.  He first claims that his equal protection rights are being violated because MDOC houses offenders in non-MDOC facilities within the State (private and regional prisons), which often times allows these offenders to be closer to home, but his request to be housed in his home state of South Carolina has been denied.  Secondly, Owens argues that MDOC receives federal funding to participate in the ICC for the purpose of "serving the best interest of offenders" and it would serve his best interest to transfer him to South Carolina.  Pet. [1] at 7.  Lastly, Owens claims he has a "liberty interest in at least being considered for ICC transfer" because MDOC has a policy to "utilize the ICC." *Id*.  As relief, he seeks a "declaratory judgment that MDOC is constitutionally obligated to, at the very least, explore an ICC Agreement with SCDC to house petitioner in S.C.".  *Id*. at 8.

## II. Analysis

The Court must first determine whether Owens has properly brought this action as a habeas corpus petition. *See Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) (holding that an action is governed by the essence of the pleading, not by the relief sought by the prisoner or the label placed on the action).  When an action challenges the fact or duration of a prisoner's confinement it is a habeas corpus matter. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).  On the other hand, an inmate's challenge to the conditions of his confinement is properly pursued as a civil rights complaint under 42 U.S.C. § 1983.  *Id*; *Cook v. Texas Dep't. of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina*

*v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)(determining a challenge to the "fact and duration" of confinement is habeas in nature, where a challenge to the rules, customs, and procedures affect the "conditions" of confinement and is properly brought as a § 1983 civil action)). If the Court determines that a favorable ruling on behalf of the prisoner "would *not* automatically entitle the prisoner to accelerated release" from confinement, the complaint is properly characterized as a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Owens is not seeking immediate or early release from custody, instead he is requesting that he be transferred to a South Carolina prison. His allegations do not challenge the fact or duration of his confinement and a favorable ruling would not accelerate his release from incarceration, therefore, his claims are not properly before the Court as habeas claims. *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)("[H]abeas is not available to review questions unrelated to the cause of detention.").

The Court further finds that to the extent Owens has presented conditions of confinement claims, he has not asserted a violation of a constitutionally protected right entitling him to relief pursuant to § 1983. An inmate "has no constitutional right to be placed in the penal facility of his choice." *Fuselier v. Mancuso*, 354 F. App'x 49, 49 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has not justifiable expectation that he will

3

be incarcerated in any particular State."); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility.")). Nor has Owens suffered an equal protection violation just because MDOC denied his transfer request but allows some offenders to be housed in non-MDOC facilities. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993) (deciding that, absent allegation of improper motive, mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief).

In *Adams v. Epps*, an inmate filed a § 1983 action seeking transfer to the Kentucky Department of Corrections under the ICC alleging that he feared for his safety within the Mississippi Department of Corrections system. *Adams v. Epps*, 334 F. App'x 688 (5th Cir. 2009). The district court denied the request and dismissed the action for failure to state a claim upon which relief could be granted. *Id.* at 689. The Fifth Circuit affirmed the decision, finding "Adams does not have any constitutional interest" in programs provided pursuant to the ICC and further that "Adams does not have a protectable property or liberty interest in where he is housed." *Id.* (citations omitted). Likewise, Owens's allegations based on prison authorities' failure to transfer him to a penal facility in his home state of South Carolina, fails to state a claim upon which relief could be granted. As such, Owens cannot maintain his claims as a § 1983 civil action.

### III. Conclusion

Owens cannot maintain this Petition [1] for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a writ of

habeas corpus is not the proper forum to assert these allegations. Even if Owens were to file his claims as a § 1983 civil action, he could not maintain them. For the foregoing reasons, this Petition [1] for habeas relief should be denied, and this case will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE